NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Sandra Guadalupe Moran Lopez; Sandra Nicole Trinidad Moran,<br><br>Petitioners,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-883<br><br>Agency Nos.    A206-434-970<br>A206-434-971<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
Pasadena, California

Before: TASHIMA, CHRISTEN, and MILLER, Circuit Judges.

Sandra Guadalupe Moran Lopez and her daughter, Sandra Nicole

Trinidad Moran, petition for review of a decision of the Board of Immigration

Appeals dismissing their applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the Board cited *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and expressed no disagreement with the immigration judge's decision, we review that decision as if it were the Board's. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). We review the agency's factual findings for substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). Under that standard, the agency's findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.      Substantial evidence supports the agency's determination that Moran Lopez and her daughter did not show a nexus between any alleged persecution and a protected ground. To obtain either asylum or withholding of removal, an alien must demonstrate some connection between the harm she fears and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142–43, 1146 (9th Cir. 2021). Petitioners offer no reason to believe that the extortion and harassment they endured in El Salvador were anything other than financially motivated "theft or random violence by gang members," which "bear[] no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.      Substantial evidence also supports the agency's determination that Moran Lopez and her daughter did not show that it is more likely than not that they would be tortured by or with the acquiescence of a government official in

2

El Salvador. *See* 8 C.F.R. § 208.18(a)(1). Moran Lopez testified that she has never interacted with the police in El Salvador, and that neither she nor her daughter has ever had problems with the police in El Salvador. While Moran Lopez believes the police are corrupt and has heard of gangs infiltrating the police, the record shows that the government of El Salvador has been actively combating gang activity. The record does not compel a conclusion contrary to that of the agency.

The motion for a stay of removal (Dkt. No. 2) is denied. The temporary stay of removal is lifted upon issuance of the mandate.

**PETITION DENIED.**